EUSEBE SENECHAL, Appellant from decree of Judge of Probate;

In re, Estate of CHARLES W. COFFIN.

York.    Opinion March 9, 1923.

*A decree of the Judge of Probate ordering an administrator to file his account, is not barred, on the ground of res adjudicata, by a former decree ordering him to file an account which was not fully complied with.*

An appeal from a decree of Judge of Probate ordering appellant to forthwith file his account as administrator, was dismissed in the Supreme Court of Probate and exceptions taken.

An order for the same trust officer to file his account, made fifteen years earlier, which order was never fully complied with, is no bar, on the ground of res adjudicata, to a later order to comply with the duty imposed upon him by statute as well as by order of court.

On exceptions.    Charles W. Coffin late of South Berwick died November 11, 1903, testate, leaving a widow and an infant son.    The widow, Alma Coffin, was appointed executrix, but died soon after before the administration of the estate was completed.    On April 5, 1904, appellant, a brother-in-law of the widow, residing in Frazerville, Province of Quebec, was appointed administrator d. b. n. c. t. a. and filed an inventory, none having been filed by the widow, on June 7, 1904.    On December 17, 1907, he was cited to file his account and settle the estate.    On April 7, 1908, he filed an account but never took any steps to have it allowed or to settle the estate.    On December 14, 1921, Joseph Fred Coffin, the infant son and sole heir, having become of age, petitioned the Probate Court to order the administrator to settle his account, which was granted and the administrator took an appeal to the Supreme Court of Probate, where the appeal was dismissed and appellant excepted.    Exceptions overruled.

The case is fully stated in the opinion.

*Emery, Waterhouse & Paquin,* for appellant.

*E. P. Spinney,* for appellee.

· SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

PHILBROOK, J. From the record and from the bill of exceptions we learn that this case is on appeal from a decree of the Judge of Probate ordering the appellant to forthwith render and settle his final account as administrator d. b. n. c. t. a. of the estate of Charles W. Coffin, to which trust position he was duly appointed April 5, A. D. 1904.

The appellant states that he is aggrieved by the decree of the Judge of Probate, dated March 29, A. D. 1922, whereby he was ordered forthwith to render and settle his final account as administrator. His reasons for appeal are as follows:

"*First*; That on the seventeenth day of December A. D. 1907, the Hon. Nathaniel Hobbs, Judge of Probate for said County of York, ordered said Eusebe Senechal to render account of his administration into our said court, on oath, on or before the third Tuesday of January, 1908; that in pursuance of said order and citation said Eusebe Senechal on the seventh day of April, 1908, did file his first and final account in the Probate Court for the County of York, which said account is still pending, undismissed, and without any decree of the Judge of Probate thereon, other than the same was ordered filed on the fifth day of September, 1911.

"*Second*; That the said Judge of Probate could not make a valid order or decree that said Eusebe Senechal should file and settle account of his administration while there was already pending within the Probate Court a first and final account of the said Senechal filed as a result of the citation of the Judge of Probate on the seventeenth day of December, 1907.

"*Third*; Because said Judge of Probate exceeded his authority in ordering said Eusebe Senechal to settle final account of his administration while there was already pending in his said court a first and final account of his administration of said Senechal in full force, undismissed and not allowed.

"*Fourth*; That the order and decree of said Judge of Probate is a nullity."

We have fully quoted the reasons for appeal in order that the legal claims of the appellant may be stated in his own language, which, presumably, is a statement in terms most favorable to his contention. The appeal was heard by a single Justice who caused

the following ruling to be filed. "Appeal dismissed with costs. Decree of Judge of Probate affirmed. Appellant may file exceptions within ten days after this decision is filed." Exceptions were duly filed. The contention raised by the same are that the Judge of Probate could not make a valid order or decree that Senechal should file and settle final account of his administration while there was already pending in the Probate Court a first and final account of such administration filed as a result of the citation of the Judge of Probate on December 17, 1907. This contention is raised upon the alleged ground of res judicata, the claim being that the matter in controversy has once been inquired into and settled by a court of competent jurisdiction and cannot be again drawn in question in another matter between the same parties or their privies.

As to the proceedings which resulted in the order of December 17, 1907, the appellant claims (a) that the court had jurisdiction in those proceedings; (b) that the parties were the same; (c) that the issue was the same; (d) that final judgment was rendered. Having established these claims in the affirmative, to his own satisfaction, he says that the order of December 17, 1907, is a final judgment of such nature and from which no appeal was taken, that its rendition stands as a bar to any subsequent litigation along the concurrent line.

This contention cannot be sustained. R. S., Chap. 68, Sec. 57, expressly gives the Judge of Probate authority to require of every executor or administrator an account of his trust when he deems the same to be necessary. In the admissions shown by the report as well as from the reasons of appeal, it appears that a so-called first and final account was presented, by Senechal to the Probate Court for notice on April 7, 1908, which account was never settled nor allowed by the Judge of Probate. For fourteen years this trust officer has neglected to present himself in court with his vouchers as he should have done on the return day of the notice. The appellee, who is the son and sole heir of Charles W. Coffin, adopted the proper course to compel the rendering of an account to date. The appellant, by leave of court, should either amend his former account, bringing it down to date, or file another account beginning with the balance of his former account and stating the account to date. His former account, denominated a final account, is such no longer because of lapse of time, and the appellee is entitled to an accounting to date, with proper interest charges. The appellant should present himself,

with his vouchers, for examination under oath in relation to his accounts since his appointment as provided by R. S., Chap. 68, Sec. 57.

The mandate must be,

> *Exceptions overruled.*
> *Appeal dismissed with costs.*
> *Decree of Judge of Probate affirmed.*